Case No. 18-3582, 3799 and 3970, Anas Elhady et al. v. David Pekoske. Argument not to exceed 15 minutes per side. Ms. Iverson, you may proceed for the appellate. Thank you. Your Honors, and may it please the Court, Erica Iverson on behalf of Petitioners, and if I may, I'd like to reserve three minutes of my time for rebuttal. Yes, thank you. Petitioners today ask this Court to apply its own precedent to preserve judicial power over civil discovery matters. As this Court recognized in Banker's Trust, for Congress to allow the executive to encroach upon that judicial power, Congress must make a sufficiently specific statement. The statute at issue here, Section 114R, does not contain any specific language permitting the government to override ordinary discovery practice and procedure in civil litigation. Yet, that is precisely what the government did in underlying litigation in the Eastern District of Virginia in this case. In response to Petitioners' requests for production, the government defendants there referred responsive materials to the TSA so that the TSA could designate them as SSI or Sensitive Security Information, thereby unilaterally withholding them from Petitioners. Why isn't the discoverability issue something that should be resolved in Virginia, regardless of whether it's SSI or not? So, given that it's SSI, shouldn't you go back to Virginia and say, this is discoverable, or under Section 525 there's another procedure where you can become a covered person? Why are we taking that into account? Why are we not just reviewing whether it was a proper decision to make it SSI or designated? Certainly, Your Honor. So, pursuant to Title 49, the District Court does not have jurisdiction, as you recognize, to opine on the sufficiency of the SSI designations themselves, and there's no mechanism under Section 525d for Petitioners to challenge the designations or to challenge the manner in which the TSA made its designations. So, the jurisdictional hook in Section 4611 of Title 49 is what brings us to this Court, and our argument is not a challenge to the factual determination that the agency made in issuing its final order. Our challenge is then a challenge under Section, or pursuant to this Court's authority in the APA, 706 subsections 2a and c. But I guess, Mike, I guess I'm curious because it looks to me from the review statute that the final agency action here is the designation of the information as SSI, and just standing alone that question, and that's what we're supposed to review, whether that was decision, that decision was consistent with the statute and the regs. I mean, whether it's discoverable or not seems to be a separate issue. Right. So, it's not necessarily a question of whether the information is discoverable, Your Honor, but rather that this Court's power is that it has the power to set aside the final orders on the grounds articulated in the APA. And so, our challenge is essentially to the TSA's use of Section 114R in the first instance to designate materials as SSI in the course of civil litigation, and we believe that challenge is properly before this Court because of the jurisdictional provision in Section 46110, subsection c. Isn't that a limited jurisdictional grant to this Court? It is, yes, in the sense that this Court has the authority under that provision to review the final orders of the TSA, but that provision also says that this Court may set aside those final orders and the grounds for doing so, in this case, in terms of the TSA's erroneous use of Section 114 to designate in the course of civil litigation stems from the APA, subsections 2a and c of 706. Have you had an opportunity to look at the doctrine of inescapably intertwined jurisdictional matters that would delineate whether the issue stays with the circuit court or whether it is, in fact, appropriate only for the district court to resolve? Your Honor, I am not sure that I've had a chance to review that issue specifically. I believe there are some cases that say that the district court does not have authority to review the final orders of the TSA under 46110, subsection c, but not necessarily addressing this issue specifically. I'm struggling with our jurisdictional grant because I understood 46110 to limit, and I understand that it does allow us to set aside an order, but I understood it was limited at our jurisdictional level to an analysis of the actual order and was there capacity to issue the orders. And in light of that, then questions that are ancillary to that, that might require a court to look at a different arena or to expand an administrative record to which we are limited, would then be the province of the district. Am I incorrect? No, Your Honor, and I think this does go to the agency's capacity to issue these final orders. Petitioner's argument is essentially that the TSA did not have the capacity to do so, that there was no authority for the TSA to issue these final orders to designate materials as SSI in the course of civil discovery. Is that, I guess what I'm trying to understand is, what is the nub of the issue before us? Is the issue that TSA was not acting within its authority to declare these SSI, which would mean that that would be within our authority. Can you or can you do that? But when it steps beyond that to say, and are these improper for a different analysis, such as a discoverability, a conflict between the federal rules of evidence or discovery, and the case that's before us, is that, are you understanding the distinction I'm drawing? Yes, Your Honor, I believe so. And we're making certainly the first argument that the TSA is not acting within the scope of the authority that Congress granted to it under Section 114R. We are also essentially alleging that the TSA's actions here, and I believe that the TSA in their response brief, views this as an act essentially of the TSA interpreting its own regulations. To the extent that those regulations conflict with the federal rules of civil procedure, and are the TSA essentially exercising authority or purported authority to create new rules of evidence or new rules of discovery, that would be contrary to, for example, the Rules Enabling Act, and that would be grounds for this Court to set aside the final orders under 706-2A, that they're contrary to law, contrary to that law. What, can I ask you, is your argument just a timing argument? I mean, the regs, 114R and the regs have existed before this case started. So, aren't the documents SSI, I mean, just, I guess it's an existential question, are they only SSI once they're designated, or weren't they SSI and somebody said, okay, confirming they were, but under the reg, they were SSI, right? Whether the TSA says so or not? Why would the timing matter that it was during litigation? Certainly, Your Honor. So, we would say the timing, but the context is really what matters here, that designations in response to discovery requests in litigation is not within the grant of authority in Section 114R. And it's intertwined with the timing question, because the SSI to be SSI has to be designated as SSI, which is what the regulations suggest as well. So, this is really more of a contextual matter, that Section 114R, as the Supreme Court said in DHS versus McLean, Section 114R doesn't prohibit disclosure, it authorizes the TSA to promulgate regulations regarding, apologies. But why, okay, but I don't, so then why, what do we do with 525D? I mean, why would that exist? Why would that provide a mechanism for you? I mean, let's say that we agree that this was SSI, or we uphold the decision. Can you not go back to Virginia and say, I just, I want to be a covered person, I want to have access to the documents. I mean, doesn't that provision only make sense if it's happening during a hearing? That provision was enacted to give civil litigants the opportunity to access materials already designated as SSI. So, if these requests had been for materials that had been designated, say, in the context of a FOIA request, or under the APA, or those statutes, in those contexts, the materials would be designated, and petitioners could seek access to them in civil litigation. But what 525D does not allow, there's nothing in 525D about designating materials for the first time in civil litigation. So, if these materials have not already been designated, our position is that the TSA cannot now use section 114R to say, oh, well, we can designate in any context we want, and go off into this dual-track procedure. Effectively, as I think Your Honors are recognizing, taking an interlocutory appeal of a discovery order to an entirely different circuit. That is not the system that we think Congress intended here. Well, if it's not, then wouldn't the answer be that the better court to do it is the district court in the Fourth Circuit? Well, in that instance, Your Honor, there would have to be a jurisdictional hook and a challenge to designations themselves under section 525D, and there is not. So, the only thing petitioners can do under 525D is seek access to materials that have already been designated. I'm sorry to interrupt, but why can't we, if we say, look, we don't, we review the TSA, we have no reason to question it, it's SSI, then you go back to the district court and say, well, they can't do this in the context of civil discovery. I mean, it's SSI, but it was improper for them to designate it. It's a discovery dispute. You weren't allowed to designate this stuff once we had prompted our document requests. I think in that instance, Your Honor, it's not clear that the court would have jurisdiction because of the jurisdictional provision in 46110. So, I think this is exactly the sort of catch-22 that we're concerned about when we think about the TSA's reading of the statute to allow it to use 114R in this discovery context. I guess, isn't the question, what would we be deciding if the decision was that TSA operated within its authority to declare something SSI? That does not bless its decision to do it so late. So, if our decision is, yes, we recognize because our authority is limited, we recognize that you have the capacity to do this, now you go back down to district court who knows what's going on, who is in charge of discovery, and you say, yes, they could have done this. The circuit courts told us that, but they couldn't do it when they did it because that steps on your toes, district court. You have the right to make that discovery determination, and they didn't do it properly. So, what would prevent you from raising that to district court and the district court being in the proper position to agree or disagree with you? Your honors, I recognize my time is up. Please, go ahead. Okay. So, it's just not clear that the district court would have jurisdiction to decide the TSA's authority to designate in the first instance. And I understand that 525D was enacted in part because of this sort of jurisdictional problem. And so, it's not clear that the district court would be able to hear this part of our claim. Do you have any case law that suggests that they could not? I believe, your honor, I have to pull the exact case, but I believe this is a part of the Ibrahim v. Department of Homeland Security case in the Ninth Circuit, and I would have to pull a citation and provide it for honor on rebuttal. But that is my understanding. Do you think it's part of the inextricably or inescapably intertwined analysis? That is a possibility. I would have to double check that for your honor before representing that here. But it is- We recognize, counselor, that this was not fully addressed below. But our concern, of course, is our own jurisdiction that we have to have it. So, we're not trying to put you on the hot spot. We're just trying to understand. I think the real concern here is your sense that the district court may not do it. And that would be extremely problematic if we said, no, we're not going to take it up because we're not supposed to. And then the district court said, I can't take it up. So, part of the issue before us would be whether it is inescapably intertwined in a way that prevents that or whether, in fact, it is not. And that means that the district court, in fact, can take it up. Understood, your honor. And I think the best thing I can do here is point you to that exclusive grant of jurisdiction in 46110C, which says that only this court can hear the agency's determination. And under the APA, the scope of authority of this court is that it is contrary to law or if the TSA has exceeded its statutory authority. And we think that both of those things have happened here. So, this court absolutely has jurisdiction and authority to set aside the TSA's final orders on that basis. Are there further questions? Can I ask you, and I apologize because I know we're over, but can I ask you a specific question about mootness? I know the district court said that these documents were covered by other agencies, but that doesn't moot the entire question at this point. Have you appealed that ruling as part of the appeal to the Fourth Circuit as a cross appeal or is that done and final? We have not appealed that ruling yet to the Fourth Circuit. And I don't believe it is appealable at this stage other than as a potential protective issue. But I don't apply here. However, the mootness, of course, is a heavy burden for the government to be able to show that this is moot. And we would say that those interim events, the upholding of those privileges do not finally and irrevocably eradicate the harm caused by the SSI designations because the litigation in the Fourth Circuit remains live. And I apologize because I'm over time and it's a complex issue or a series of events. But the liability piece of this is up on appeal to the Fourth Circuit. If the Fourth Circuit reverses that decision, the district court's grant of summary judgment in petitioner's favor on liability, then the case could proceed to trial on the issue essentially of it's a procedural due process issue, whether the government's actions and watchlist procedures erroneously deprived the plaintiffs of their liberty, protected liberty interests. And the documents that we are seeking would be relevant to that issue. And it was clear from the district court's ruling on the evidentiary privileges in January of last year, that part of reason why he did not grant the motion in petitioner's favor was because he was prepared to rule on the merits of those issues at summary judgment and didn't think that petitioners needed those documents for that piece of his decision. So a trial could certainly change the need calculus that was part of the district court's decision. Petitioners could seek to reopen discovery for limited purpose for seeking these documents, et cetera. So that is still live. There's still some risk. I mean, just I'm trying to remember the law of protective cross appeals, but I mean, there's an appeal from a final judgment or not here. I mean, could it be that that ruling is all of the case at this point? It's not being challenged on appeal? No, Your Honor. It's not final yet because there's still the district court hadn't ruled yet on the district court had only ruled on liability. And the government is appealing that liabilities piece. The remedies piece had been proceeding forward in the district court. The appellate court has stayed those proceedings. But certainly if the Fourth Circuit affirms the district court's grant of summary judgment, then the remedies phase would presumably proceed as it had been interlocutory. Is it a 54 B? What would 1292 be? What is it? It is a 1292 B, Your Honor. Are there questions? We thank you. You will have your rebuttal time. Okay. Thank you very much. Mr. Ross. Thank you, Your Honor. May please support case in Rosh for the United States. I think we can pick up where we left off, actually, because it bears emphasizing that any relief that the court grants in this case will not cure petitioners' underlying grievance, namely that they would tender the requested documents in this case in parallel litigation in the Eastern District of Virginia. They thus lack standing to bring this appeal. Any information that was designated as SSI in this case is also designated under the law The district court upheld the government's invocation of those privileges, and at no point did petitioners challenge them. Thus, even if the court were to grant the petitions for review in this case, thus rescinding the TSA's designation of the underlying information, the underlying information could still not be submitted in that parallel litigation because it is protected by or it's just an interim discovery order. Why can't they file a motion to compel or bring the issue up again or try to take it to the Fourth Circuit when there's a final judgment? Why is that not a live issue still, the privilege issue? So, there are actually two appeals in the Fourth Circuit. It's a consolidated set of two appeals, one from the district court's grant of summary judgment in plaintiff's favor and one concerning the underlying relief. I don't believe final judgment has been issued or entered in that case. However, petitioners or plaintiffs in that case certainly could have filed a protective notice of a cross appeal, especially given that the jurisdictional uncertainty and especially given how important this information purportedly is to them. But even if it's not protected by any privilege, discovery in that case has been closed since February 2018. The district court has provided no indication that the underlying information could ever be submitted in that case. And what happens if the district court decides that some of those documents are germane to granting relief when you reach that separate remedies provision? Well, for one, Your Honor, the district court has already questioned the relevance of the material in the first instance. The district court reviewed all of the information at issue in this case, ex parte and in camera. And after conducting that review, determined that the documents were not relevant to the merits of plaintiff's constitutional claims. It was thus not even an issue in that litigation whatsoever. Was that the liability phase? Was this some sort of a bifurcated issue? Was that liability only? I don't believe so, Your Honor. This was in response to three motions to compel. And in resolving those motions, the district court determined that the underlying information was not relevant to petitioner's is necessary for them to pursue the remaining procedural due process claim and explicitly said that the outstanding issues are right for adjudication without the need to disclose to the plaintiffs the sought-after information. There's no indication the district court determined that the information is even relevant to plaintiff's claims in that case. So even if the information was disclosed and the privileges were overcome and discovery was reopened, that the material would even be relevant to that underlying litigation. Is that enough? I mean, is that enough for us to say that something's moved though? I mean, it seems to me that your opponent is right. It's a pretty heavy burden to say that it's basically you can't get any relief here. And it's hard for me to see how a discovery order, I mean, I understand discovery is closed and all that, but it just seems to me that as long as the court can revisit or it could come up again, there's at least some possibility that the SSI designation could be an issue. I mean, do you have any cases that on, I mean, this is, I suppose, an appellate procedure question, but what do we, I mean, do they have to file a protective cross appeal? I mean, I know there's a law out there that says that you waive, you know, evidentiary objections and other things. So cross appeal, even if you win the judgment, but there's no final judgment here. It seems to me that those cases depend on the finality of the judgment, don't they? That is partially true, your honor, but I think you might have answered your own question and that there was never any objection to the district court's evidentiary rulings. So they couldn't appeal them even if they were timely in doing so. I think it's actually quite proven in this case that there's no relevant live dispute here, because regardless of what this court does, petitioners won't be able to use the underlying information in the parallel litigation. They could have taken numerous measures to prevent this from happening. They could have sought to stay. I'm sorry, let me go back. You said there was no objection. Did they not file a motion to compel to the documents saying that they weren't actually covered by these privileges? Or did you file a protective order? How did the, how was the discovery dispute adjudicated with regard to the actual privileges? My understanding was that the privileges order was done in response to the third motion to compel. The third motion to compel was filed in July 2018, and if the court wishes, we are willing to provide supplemental information on these procedures. And then in September 2018, that was the third, or excuse me, September 2018, the district court denied that. The citation for that order is 2019 Westlaw 419-4545, in which the district court explicitly explains that those documents are covered by the relevant privileges. And in record citation 252, which is page ID 8302, the district court made a prior ruling on the privileges themselves. And again, there was never any objection to either of those explanations. And I'm struggling with that, though, because if the summary judgment were reversed, and the case came back down, then the whole package is open again. And there can be challenges on any of the decisions that the court made along the way. I don't think if they won summary judgment, and that was reversed, then there's some sort of inability in going forward with the trial to raise those again. You know, the court, the district court has the capacity to make an trial, and the court can change its mind. That's part of its grant, or its right to control the litigation. So why couldn't something like that happen in the court and say, okay, we're trying the case, summary judgment's gone. The petitioner comes back in and says, I want to readdress this issue of the privilege, now that we're trying this case. And I don't see anything that would make that the court would then say, oh, so sorry, I've already ruled on that, we're done. The court can say, I've already ruled on it once, and that's the way I'm going to rule again. But that's different from saying, I don't have the capacity to take it back up. That may be true, Your Honor. And petitioners certainly make a lot of noise about whether they would do that in the future. But again, it bears emphasizing that they've made no effort to do that in the district court for over two years. So I can only shrug my shoulders at why they make these arguments now, when there was a separate court. You can understand, Counselor. Of course. They had a grant of summary judgment in their favor. You generally don't smack the judge in the face by saying, oh, by the way, I want you to rule that you were wrong on something preliminarily. So the real question comes back to what happens if the case is tried. And I don't know of anything that would prevent them from saying, Your Honor, I want you to look again at this evidentiary issue. They may not get any headway with it, but I don't know of anything that would prevent the court from saying, I'm going to look at that again, and you know what, I'm going to change my mind. That might be true, Your Honor. But in which case, I think it's also worth emphasizing that on the TSA's designation of the information as SSI, effectively conceding the entire case. There's no argument that TSA's designation of the underlying information was improperly designated as SSI. Thus, it effectively waives any argument. Doesn't the question become, just because you can do something, the question becomes, when can you do something? Isn't that their argument? That yes, it was within your capacity to designate it as SSI, but not after we had undertaken this case, and you found out that there was a request for it, and then your simple response to that always is, well, then I'll send it back to TSA, they'll declare it SSI, you don't get it. Don't you think that that's a problem, that there is perhaps a conflict between the judge's ability to resolve discovery issues and the claims that you're making? So, Congress did provide separate avenues for jurisdictional questions to be addressed in separate courts, but this actually goes to Judge Nalbandian's question of whether the existential question, as it were, of when this information was SSI. The TSA and other non-governmental entities, such as railway operators and airplane pilots, work with SSI every single day, but that information is not stamped as being SSI. The designation is applied when someone requests the information so that it would be released from the government. Petitioners' contrary understanding of how that information works in the government and how it's released just defies common sense. It's worth analogizing to classified information, for example. Regularly, the government operates classified information in memos and email forms, and it's not necessarily marked with a classification symbol. That is, it's not subsequently requested for release in FOIA litigation or otherwise. The government reviews the information and applies the classification. I guess my concern is I understand that analysis under FOIA, but that's very different because FOIA is making it available to the public in general, but what we're talking about is the capacity of a U.S. district judge to determine timing and FOIA is just an open door to anybody who wants to know it, but a district judge could say, I'm going to let your attorney see it, and I'm going to place it under this confidentiality requirement. You know, we've seen cases where a district judge will say, you can't even show it to your client. You know, counsel, you can look at it, but your client can't look at it, and that's part of the inherent capacity of a district judge, isn't it? Respectfully, Your Honor, I think that your question is a misapprehension of the premise of this underlying litigation. This court's jurisdiction under 49 U.S.C. 46110 is its capacity to review an order of the Transportation Security Administration. Those orders, the three of which are here, are determining that certain information was sensitive security information. That is the scope of this court's review. Petitioners have attempted to broaden this case to consider other issues, for example, a broad procedural due process claim concerning TSA watch listing procedures. I'm sorry to interrupt, but can they go back, if we were to say, okay, fine, we have no reason to question the TSA's designation, can they go back under 525D or some other mechanism to the district court and say, despite that, it's still discoverable? Do they still have that argument? If there's a reversal in the Fourth Circuit, it goes back, all that stuff, but is that still open to them? My understanding is yes, Your Honor. Section 525D of the DHS Appropriations Act of 2007 specifically provides counsel the ability to obtain access of SSI for use in litigation. It bears emphasizing that the government, on multiple occasions, provided explicit instructions as to how Plaintiff's counsel in that case could have obtained access under Section 525D. Multiple times did Plaintiff's counsel just refuse to do that and actually conceded that they had no intention of seeking such access. The litigation strategy in each of these cases, really, honestly, beggars understanding. I believe the district court's general oversight of the case in the Eastern District of Virginia could permit, possibly, as Judge Stranch was alluding to earlier, to revisit certain discovery issues. Plaintiffs could avail themselves of that petition to review here, thus upholding TSA's SSI designations, would not disturb Plaintiff's ability to seek information in the district court under Section 525D. Or to relitigate that. It seems to me that we're saying the same thing, that our jurisdiction is limited to saying whether TSA acted within its capacity in designation. That doesn't tell us whether they did it timely, in violation of some other rule, or in violation of the capacity of the court to overcome that. So, if our jurisdiction is limited that way, then it seems to me that we're on the same page, that we would think that all we can say is that the TSA had the power to do what it did. But when we go back down, the district, or assuming it went back down, then the district court would have the power to address the other issues that are beyond the appellate jurisdiction. You don't disagree with that, do you? So, I have several disagreements, actually, Your Honor. First is, the last statement you've made, and with the court's permission, I'll finish, is that there's no, quote, going back down in this case. It would be if the Fourth Circuit reversed the summary judgment and the case went to trial. That's correct, but in that way, this court's resolution of the petitions for review only determines TSA's authority to designate this SSI, which, again, petitioners have not contested, respectively conceding that this information is SSI. Now, of course, there's the separate question, which petitioners have raised in reference to Henry Banker's Trust, as to whether TSA has the authority to do that. That, of course, we agree. The statute makes clear, Section 114R makes clear, that the agency has the authority to prohibit the disclosure of information whose release would be detrimental to transportation security. And, again, petitioners here have not contested the underlying premise of the actual withholding of the information. That is... What they contest is whether the district court, or whichever court has jurisdiction, could then come in and say, but you didn't do it right. I actually don't believe, Your Honor, that the petitioners have contested this court's that this court has jurisdiction under Section 46.1.10. Yes, the question is how far... We're all trying to figure out what the limits of that are, right? That's correct, Your Honor. What can we do, and then how does that play if it goes back down? And I'm just trying to ascertain from you, you agree with the idea that if we exercised our jurisdiction to say TSA has the authority to designate SSI, and then it went back down to the district court, came back from the Fourth Circuit and there was going to be a trial, then the district court would have the capacity to determine the subsidiary question that was beyond our jurisdiction as to whether TSA could do that at the time that they did, and whether, in fact, the district court has the capacity to govern discovery within its court and make a different determination. I believe, Your Honor, that the government's position is that this court has jurisdiction to determine the underlying legal issue, that is, whether TSA has the authority to designate this information as SSI. But that's not a question of whether they did it at the right time. We have the underlying authority question. The district court has the capacity to look beyond that specific grant and look at all the issues that would be involved in a trial, correct? But the question of whether TSA did it at, quote, the right time, it's the wrong question to ask because it's not as if information when it is created is stamped as SSI, as I was explaining earlier. Well, that's an argument for the district court. Right. I disagree, Your Honor. I think that that's sort of another premise. Do you think that we can answer the question of whether, just the abstract question of whether, in the context of civil discovery, in response to a document request, the government can refer something to the TSA, and the TSA can then designate it as SSI, putting aside whether it's already SSI existentially. But can we resolve that question, or is that a question for the Eastern District of Virginia? I believe that is a question that this court can resolve. Okay. What's your best case for saying that that extension of, that we have that ability to the order and look at subsidiary or different issues? So the Eighth and Ninth Circuits have already held as much, Your Honor, in Robinson and McLean, both of which are cited in our brief. Robinson is 689 F3rd 888, McLean being 543 F3rd 1145. And each of those cases, each of those courts decided in a petition for review, as here, that the court, it was resolving effectively a discovery dispute. And because it was exercising jurisdiction under section 46.110 to determine TSA's authority to be able to designate it, when the contested designation was during an underlying parallel proceeding. Are there further questions? No. Thank you for your argument. Perhaps you can answer the question, Counselor, as to why these may be distinct from the Ninth Circuit's cases. Absolutely, Your Honor. And I find myself in an odd position where I agree with my adversary to a degree that in terms of the jurisdiction of this court, the Eighth and Ninth Circuit cases show that this court has jurisdiction to determine this particular issue. I disagree. What particular issue? To determine whether the TSA may designate SSI in the course of civil litigation, and whether that's within the scope of the TSA's... How do we do that as a practical matter? How would a court of appeals make those determinations? Those are determinations maybe a district court could make, with discovery and everything. How do we do it? Here, the issue is one of law. Does Section 114R, as written, allow the TSA to designate materials as SSI in the course of civil discovery? We say no. The grant of authority in Section 114R, as Chief Justice Roberts agrees, is one... We're back to just deciding whether we have jurisdiction. I think this issue would be whether Section 114R even authorizes these designations in the first instance. The Eighth and Ninth Circuit cases don't stand for the proposition that the government cited them for in its brief. The Eighth Circuit case involved a situation where the litigant and the government had negotiated the scope of a protective order, where the litigant agreed that the government could designate SSI in the course of that litigation. That was a situation where the court said that, essentially, that that was permissible. It was upholding this negotiated protective order that the trial court had also been involved in. The Ninth Circuit case... You want us to resolve the timing issue, too? In our view, it's not a jurisdictional question. It's a question of whether the TSA was acting within the scope of authority granted to it by Congress when it made these designations in litigation. We don't deny that the TSA can make SSI designations, that Congress authorized the TSA to promulgate regulations governing nondisclosure. That is not our argument. You want us to go beyond the face of the final orders and say whether the TSA has authority to designate something as SSI while a litigation is going on. Both of you are saying you want us to get to that question, right? I guess we're pushing back on that, but you both seem to say that you want us to go ahead and resolve that, right? Right. I think we agree that this court has jurisdiction to decide whether the TSA can designate SSI, not just in civil litigation or while civil litigation is going on, but in this very narrow circumstance. The TSA designated information in response to discovery requests. Let me ask you this question. I know your time is up, but why didn't you all just go through the 525D process and get access to it? This seems to be the easiest road here. For two reasons. One, the 525D process does not provide a mechanism for challenging the designations themselves. If we had gone through that process and it turned out that the TSA was designating lunch menus that it claimed were responsive to our request. We can resolve that question, obviously. But we would not have been able to resolve it through 525D because there's no mechanism for challenging the designation. If our 60 days had expired and we only have 60 days under 46110, which is where section 114R sits, then we might have been out of luck on that front. That's one practical reason. The second reason is because we simply don't believe that the government has the power to use section 114R in this way. It's not a grant of statutory privilege and it doesn't permit the executive to essentially say, oh, well, now I'd like to remove this discovery dispute from the purview of the trial court and just say these things are SSI and designate them when they hadn't already been designated in the first place. But I don't understand this. They've got thousands and thousands of pages of documents and it's likely that they will never come up in litigation. But you're saying that they have to designate all of them as they go along and then that way in litigation they're protected rather than just dealing with it as it comes up. I don't know why it wouldn't be more efficient to do the latter, especially when 525D exists so you can get it. Right. So we do not say that they have to designate them all along. We say that the TSA fields these requests in the context of FOIA and the context of other requests for disclosure of information to the public all the time. And in doing that, the TSA's own regulations require it to mark this information as SSI. That's 1520.13 in 49 CFR. And that indicates that TSA is maintaining these informations. There are processes for de-designation. It's not as though this information is designated and then it's lost forever. In fact, the designation then requires this protection, requires covered persons to protect the SSI. So designations sometimes have already happened and sometimes have not already happened. 525D provides access to information that has already been marked as SSI, already been designated as SSI in civil litigation. 114R does not represent congressional intent to allow the executive to simply claim that it can designate SSI in any context, including civil discovery. And it's that provision in 114R that the government has run foul of in this case. So we think that these two provisions harmonize together quite well under petitioner's reading and that this court should set aside the final orders on the basis of the TSA's... But what else, I mean, what else would 114R have to say? I mean, they shall prescribe regs to prevent the disclosure. And then they would have to say, including in civil discovery. And like, how many other situations would it have to cover? Why isn't, I mean, it just seems like it's really broad and the text of it is broad. It's just shall prevent it from being disclosed. Is that, why is that not enough? Well, the text is not shall prevent it from being disclosed. It's shall promulgate regulations. And that is exactly what Justice Roberts grappled with in the DHS versus McLean case. That the statute is not prohibiting disclosure on its face. Justice Sotomayor in her dissent recommended some language that might fix what she viewed to be a semantic difference so that the statute would on its face prohibit disclosure. But Congress hasn't taken that up. That case was decided in 2015. And no change to the language has been made. Congress hasn't made that change. Language that would matter, would count, I guess, in this context would be, for example, language in the Baldrige case, the Census Act where that statute expressly prohibits disclosure of information. It doesn't authorize the agency to promulgate regulations. It says this information must not be disclosed. The same is true of the In Re England case, which the government also cites in its brief. Those statutes on their face prohibit disclosure. And there are other contexts where Congress has used phrases like these particular documents shall be immune from legal process or judicial process. Those are statements that evince this clear congressional intent. Those are specific statements that show that Congress intended to allow for a privilege or to otherwise append or go around the normal rules of discovery and evidence. But without a specific statement like that, this very court in Bankers Trust recognized this problem and said that that was not enough to essentially divest the district court of its ability to control discovery. But we would acknowledge this case to that statute. Any further questions? We thank you both for your briefing and your arguments and your case will be taken under advisement and an opinion rendered in due course. You are our only oral argument today, so we would ask you to adjourn court. This honorable court is now adjourned. Thank you.